UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS C. MAYNARD,

    *Plaintiff,*

v.

BEL REAL ESTATE ADVISORS, LLC,
CARY BELOVICZ, AAA,, and JOHN
and JANE DOES 1-20,

    *Defendants.*

                             /

Case No.: 1:23-cv-13084

Thomas L. Ludington
United States District Judge

Patricia T. Morris
United States Magistrate Judge

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
DEFENDANT AAA'S MOTION TO DISMISS (ECF No. 8), DEFENDANT
BEL REAL ESTATE ADVISORS, LLC and CARY BELOVICZ'S
MOTION TO DISMISS (ECF No. 12), and PLAINTIFF'S MOTIO N TO
VACATE (ECF No. 18)**

**I. RECOMMENDATION**

    For the reasons set forth below, **I RECOMMEND** that the Court **GRANT** Defendants' motions to dismiss (ECF Nos 8, 12), and that the Court *sua sponte* dismiss John and Jane Does 1-20, thereby dismissing the complaint in its entirety. I further recommend that the Court **DENY** Plaintiff's motion to vacate. (ECF No. 18.)

**II. REPORT**

    **A. Background**

1

Plaintiff filed the instant 179-page *pro se* complaint and the case was transferred to the instant Court on December 5, 2023. (ECF No. 1.) Plaintiff's complaint is somewhat difficult to unravel but he states generally that Plaintiff, through his company L&M Investment Holdings, LLC, entered into a Listing Agreement with Bel to "secure a Bona Fide purchaser for Plaintiff's 32-unit apartment complex[.]" (ECF No. 1, PageID.8.) After disputes arose concerning the execution of duties contained in the Listing Agreement, and a state court case was dismissed because of the existence of a binding arbitration provision in the Listing Agreement, the disputes were arbitrated by AAA. (ECF No. 1, PageID.109-110, 154; ECF No. 12, PageID.11-12.) The arbitration proceedings concluded by giving an award in favor of Bel Advisors. Plaintiff then filed suit in the United States District Court for the Northern Division in Ohio on November 29, 2023, and the case was transferred for proper venue to this Court on December 5, 2023.

Plaintiff's complaint avers a generalized dissatisfaction with the performance of the contract (Listing Agreement) and with the arbitration process. Plaintiff alleges the following ten Counts: (1) intentional, reckless and negligent conduct; (2) violations of RICO; (3) filing of a fraudulent real estate broker lien; (4) elaborate scheme to defraud with gross neglect; (5) failure to warn of "the dangerous condition of the alleged listing agreement"; (6) strict liability; (7) breach

of express or implied warranties; (8) conduct done "maliciously, fraudulently, oppressively, with a conscience dis disregard and/or malice for Plaintiff's rights"; (9) abuse of the legal system using a fraudulent claim; and (10) "falsely imprison me in arbitration" even though Plaintiff "never volunteered to arbitration[.]"

The motions to dismiss (ECF Nos. 8 and 12) are fully briefed and ready for resolution.

### B. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Accordingly, a plaintiff's complaint shall be dismissed for failure to state a claim if it lacks sufficient "factual matter (taken as true) to" provide "plausible grounds to infer" that the elements of a claim for relief could be met. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see* Fed. R. Civ. P. 12(b)(6). A complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere labels, conclusory statements, or "formulaic recitations" of the elements of a cause of action are not sufficient to meet this burden if they are unsupported by adequate factual allegations. *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The requirement to provide a plausible claim does not require that a claim be "probable"; however, a claim must be more than merely "conceivable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009).

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

When considering whether a complaint states a claim, "[t]he courts must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). Still, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The complaint must include more than "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." *Id.*

**C. Analysis**

Defendant American Arbitration Association, Inc. ("AAA") filed the instant motion to dismiss on January 2, 2024. (ECF No. 11.) Defendant AAA contends that Plaintiff fails to state a plausible claim against AAA because the complaint

merely "expresses dissatisfaction with the AAA proceedings and a wish to proceed with his dispute over the Agreement in federal court rather than in Bel Court's state court lawsuit or in AAA Case No. 01-22-0004-7535…Plaintiff also makes a single, unsupported allegation that AAA 'has been plagued with corruption' but does not explain what this 'corruption entails or how it relates to this lawsuit." (EF No. 8, PageID.30)(internal citations omitted). Defendant AAA also argues, in the alternative, that arbitral immunity bars Plaintiff's claims because "[i]t is undisputed that AAA's involvement with Plaintiff's dispute relates to its role as the administrator of AAA arbitration proceedings between J& M and Bel" and that "mere dissatisfaction with these proceedings does not give rise to a legal cause of action against AAA." (ECF No. 8, PageID.32.)

Defendants Bel Real Estate Advisors, LLC ("Bel") d/b/a Greystone Real Estate Advisors ("Greystone") and Cary Belovicz's motion to dismiss contends that Counts 1 and 3-9 fail as a matter of law because these tort claims allege no distinct duty apart from the listing agreement (contract) that would permit tort liability. (ECF No. 12, PageID.73.) In addition, Plaintiff has failed to sufficiently plead a claim for fraud in Counts 8 or 9. (ECF No. 12, PageID.73-74.) Defendant s also argue that these same claims (Counts 1, 3-9) also fail as a matter of law because of issue preclusion. (ECF No. 12, PageID.75-78.) Finally, Defendants

5

argue that Counts 2, 5, and 10 should be dismissed for failure to state civil RICO claims. (ECF No. 12, PageID.79-84.)

Every Count in the instant case alleges some underlying dissatisfaction with the Defendants' conduct in their execution of the Listing Agreement terms and with the outcome of arbitration as to these claims, repackaged as tort or RICO claims. All of these issues were submitted to arbitration and the parties were the same as those in the instant lawsuit. Therefore, Plaintiff is collaterally estopped from relitigating them here.

Federal courts have recognized that the decision [w]hether to apply federal or Michigan law to evaluate the preclusive effect of an arbitration proceeding is 'less than clear.'" *Amerisure Mutual Insurance Co.*, 2024 WL 1334306, at *3 (E.D. Mich. March 28, 2024)(collecting cases). Therefore, the Court will consider both, especially where, as here, both lead to the same result. *Id*.

Under Michigan law, "application of collateral estoppel requires (1) that a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment, (2) that the same parties had a full and fair opportunity to litigate the issue, and (3) mutuality of estoppel." *Radwan v. Ameriprise Insurance Co.,* 327 Mich. App. 159, 166 (Mich. Ct. App. 2018). The test under federal is virtually the same but does not expressly require mutuality. Parties may invoke collateral estoppel where they show: (1) the issue in the subsequent

litigation is identical to that resolved in the earlier litigation, (2) the issue was actually litigated and decided in the prio action, (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation, (4) the party to be estopped was a party to the prior litigation (or in privity with such a party), and (5) the party to be estopped had a full and fair opportunity to relitigate the issue." *Singh Management Co., LLC v. Singh Michigan Homes, LLC*, 2022 WL 1589294, at *3 (E.D. Mich. Jan. 4, 2022)(internal quotation omitted).

      The relevant arbitration award regarded a dispute between Defendant Bel d/b/a Greystone Bel Real Estate Advisors and Plaintiff's company J&M Investment Holdings, LLC ("J&M") over the Listing Agreement at issue in this case. (ECF No. 12, pageID.100.) The opinion refers to an evidentiary hearing being held after having been rescheduled and reopened because the instant Plaintiff (respondent in the arbitration) was unable to appear via zoom for the first hearing and failed to appear for the second hearing. A previous case filed in Tuscola County, Michigan between the same parties resulted in the court granting Defendant's motion for summary judgment without prejudice because the court found the case was subject to an enforceable agreement to arbitrate the claims. (ECF No. 12, PageID.97; ECF No. 1, PageID.109.) Plaintiff, through his attorney, agreed that there was a valid agreement to arbitrate and that the Tuscola County court case should be dismissed in favor of arbitration. (ECF No. 1, PageID.123.)

The arbitration award indicates that it considered all of the claims raised in the Tuscola County case as part of the arbitration. (ECF No. 12, PageID.100-102.) The claims raised in the Tuscola County case involved an overall interpretation of the Listing Agreement, including analyzing the conditions precedent and requirements to be met before earning a commission, (ECF No. 1, PageID.145-49.)

All of the factors for issue preclusion are met under these circumstances. The only potential question is whether Plaintiff's voluntary absence from the arbitration changes the landscape. However, since Plaintiff was given an opportunity for a full and fair hearing and was accommodated by the arbitrator, his decision to voluntarily absent himself from the hearing after having been given several chances to appear does not undermine the fact that he was given a full and fair *opportunity* to litigate the issues. See, *Claridge Associates, LLC v. Schepis*, 2020 WL 6505210, at *7 (S.D. N.Y. Nov. 5, 2020)(collecting cases).

In addition, since Plaintiff agreed that the case was subject to a valid and enforceable arbitration agreement (ECF No. 1, PageID.123,) he cannot now seriously contend that he was "imprisoned" in arbitration as he attempts to do in Count 10.

Finally, Plaintiff is unable to avoid collateral estoppel by repackaging his claims under different legal theories, including fraud and RICO claims. *Amerisure*, 2024 WL 1334306, at *5; *Yamaha Corp. of Am. v. United States*, 961 F.2d 245,

254 (D.C. Cir. 1992)("Once an issue is raised and determined, it is the entire issue that is precluded, not just the particular arguments raised in support of it in the first case.").

Since I find the ground of collateral estoppel sufficient to grant Defendants' motions to dismiss, I do not specifically address all of the other meritorious arguments raised by the Defendants.

I do, however, further recommend that AAA's motion to dismiss be granted on the ground of arbitral immunity. *Corey v. New York Stock Exch.*, 691 F.2d 1205, 1209-11 (6th Cir. 1982)("it is appropriate that immunity be extended to arbitrators for acts within the scope of their duties and within their jurisdiction…The extension of immunity to arbitrators where arbitration is pursuant to a private agreement between the parties is especially compelling because arbitration is the means selected by the parties themselves for disposing of controversies between them.").

As to the Doe defendants, Federal Rule of Civil Procedure 4(m) provides that "if a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Plaintiff has not asserted any reason for

why they are included in the case, let alone why they could not be identified or served. They apparently exist only as other unknown participants in the alleged defense led "conspiracy" to treat Plaintiff poorly under the terms of the Listing Agreement. Plaintiff has not sought any extension of time within the 90-day period provided for in Rule 4(m). I therefore suggest that the Doe Defendants also be dismissed from this action. *See Cross v. Carmona*, 15-cv-14254, 2018 WL 1535393, at *4 (E.D. Mich. March 29, 2018).

Plaintiff's motion to vacate (ECF No. 18) reiterates his unhappiness with Defendants and asks the Court to vacate the arbitration decision and award. Under the Federal Arbitration Act ("FAA"), "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party within three months after the award is filed or delivered." 9 U.S.C. § 12. The arbitration award in the instant case was filed on November 9, 2023 (ECF No. 12, PageID.100-103), and Plaintiff's motion to vacate was not filed until February 26, 2024 (ECF No. 18), more than three months after the arbitration award was filed. Therefore, Plaintiff's motion is untimely and should be denied.

### D. Conclusion

For these reasons, **I RECOMMEND** that this Court **GRANT** Defendants' motions to dismiss (ECF No. 8, 12), dismiss the John and Jane Does, and dismiss

10

the instant complaint in its entirety. I further recommend the Court **DENY**

Plaintiff's motion to vacate. (ECF No. 18.)

### III. <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1.) Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981.) The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

11

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d.) The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 24, 2024                                   s/ PATRICIA T. MORRIS
                                                                            Patricia T. Morris
                                                                            United States Magistrate Judge