UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DENNIS C. MAYNARD,

        Plaintiff,                    Case No. 1:23-cv-13084

v.                                      Honorable Thomas L. Ludington
                                          United States District Judge
BEL REAL ESTATE ADVISORS, LLC, *et al.*,

                                          Honorable Patricia T. Morris
        Defendants.                United States Magistrate Judge
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTION TO VACATE, AND DISMISSING CASE WITH PREJUDICE**

In July 2020, Plaintiff Dennis C. Maynard and his company, L&M Investment Holdings, LLC ("J&M") entered a Listing Agreement with Defendant Bel Real Estate Advisors, LLC ("Bel") to secure a purchaser for a 32-unit apartment complex Plaintiff owned. ECF No. 1 at PageID.8. J&M, Plaintiff, and Bel disputed their respective obligations under the Agreement and Bel sued J&M for beach of contract in the 54th Circuit Court in Tuscola County, Michigan. *See id.* at PageID.7. But the Tuscola County proceedings were dismissed because the Listing Agreement contained a binding arbitration clause. *Gresytone Bel Real Estate Advisors v. J&M Investment Holdings, LLC*, No. 22-31854-CK (54th Circuit Court, Tuscola County, Mich., May 26, 2022). On November 9, 2023, Arbiter Michelle Harrell, of the American Arbitration Association ("AAA"), awarded Bel $114,846. ECF No. 12 at PageID.100–01. On December 11, 2023, Bell filed a suit in the 6th Circuit Court in Oakland County, Michigan, to enforce the arbitration award, because J&M had not paid. *Greystone Bel Real Estate Advisors v. J&M Investment Holdings, LLC*, No. 23-204363-CZ (6th Circuit Court, Oakland County, Mich., Dec. 11, 2023).

But two weeks before Bel filed these state arbitration enforcement proceedings, Plaintiff, proceeding *pro se*, filed a ten-count Complaint in the United States District Court for the Southern District of Ohio. *See* ECF No. 1. Plaintiff's Complaint was transferred to this Court one week later. *See id.* Plaintiff sued (1) Bel; (2) its managing partner Cary Belovicz; (3) the AAA; and (4) twenty unidentified "John and Jane Doe's" who were alleged agents, employees, investors, or associates of the other Defendants. *Id.* at PageID.1. Plaintiff alleged these Defendants:

> (1) engaged in intentional, reckless, and negligent conduct;
> (2) violated federal RICO provisions;
> (3) filed a fraudulent real estate broker lien;
> (4) conspired or schemed to defraud Plaintiff;
> (5) failed to warn Plaintiff of "dangerous conditions" within the Listing Agreement;
> (6) were "strictly liable;"
> (7) breached express and implied warranties;
> (8) engaged in malicious, fraudulent, and oppressive conduct with a conscious disregard for Plaintiff's rights;
> (9) abused the legal system by filing fraudulent claims; and
> (10) falsely imprisoned Plaintiff in arbitration, because Plaintiff never agreed to arbitrate.

*See id.* at PageID.13–22. Plaintiff also, confusingly, sought an injunction to stay the already-dismissed proceedings in Tuscola County. *Id.* at PageID.7–8.

On December 7, 2023, all pretrial matters were referred to Magistrate Judge Patricia T. Morris. ECF No. 4. Defendant AAA filed its Motion to Dismiss on January 2, 2024, ECF No. 8, and Defendants Bel and Belovicz filed their joint Motion to Dismiss two days later. ECF No. 12. On February 26, 2024, Plaintiff filed a *pro se* Motion to Vacate Bel's arbitration award. ECF No. 18.

On April 24, 2024, Judge Morris issued a report (R&R) recommending this Court grant all Defendants' Motions to Dismiss, *sua sponte* dismiss the unidentified John and Jane Doe Defendants, and dismiss Plaintiff's Complaint. ECF No. 22 at PageID.232–33. Judge Morris concluded that "[e]very [c]ount in the instant case alleges some underlying dissatisfaction with the

Defendants' conduct in their execution of the Listing Agreement terms and with the outcome of arbitration" but that these issues are all issue-precluded by collateral estoppel. *Id.* at PageID.228–31. Judge Morris further concluded that all claims against Defendant AAA were barred by arbitral immunity. *Id.* at PageID.231 (citing *Corey v. New York Stock Exch.*, 691 F.2d 1205, 1209-11 (6th Cir. 1982)). On this point, Judge Morris also recommended this Court deny Plaintiff's Motion to Vacate because his challenge to the arbitration award was untimely. *Id.* at PageID.232.[1]

Judge Morris provided the Parties 14 days to object, *id.* at PageID.233, but the Parties did not do so. Thus, they have forfeited their right to appeal Judge Morris's findings. *See Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). There is no clear error in Judge Morris's thorough R&R.

Accordingly, it is **ORDERED** that Magistrate Judge Patricia T. Morris's Report and Recommendation, ECF No. 22, is **ADOPTED.**

Further, it is **ORDERED** that Defendant American Arbitration Association's Motion to Dismiss, ECF No. 8, is **GRANTED.**

Further, it is **ORDERED** that Defendants Bel Real Estate Advisors, LLC and Cary Belovicz's joint Motion to Dismiss, ECF No. 12, is **GRANTED.**

Further, it is **ORDERED** that Plaintiff's Motion to Vacate, ECF No. 18, is **DENIED.**

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE.**

**This is a final order and closes the above-captioned case.**

Dated: May 14, 2024                                  s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge

---

[1] This Court notes that, since this Opinion and Order dismisses Plaintiff's Complaint, Plaintiff's Motion to Vacate could also be properly denied as moot.